# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2022

Lyle W. Cayce
Clerk

No. 21-50825
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANTIAGO SABASTIAN-FELIPE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-282-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Santiago Sabastian-Felipe appeals the 30-month, within guidelines range sentence imposed after his guilty plea conviction for illegal reentry after having previously been removed, pursuant to 8 U.S.C. § 1326(a) and (b)(1). Sabastian-Felipe contends, for the first time on appeal, that it violates the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50825

Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense. Sabastian-Felipe concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review. In addition, he has filed an unopposed motion for summary disposition.

As Sabastian-Felipe concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper. Accordingly, Sabastian-Felipe's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.